## Commonwealth ex rel. v. Jones et al.

*Charles B. Lenahan*, for petitioner.

*Daniel W. Phillips* and *Edwin Shortz, Jr.*, for defendants.

JONES, J., April 17, 1930.—This is a petition for habeas corpus by a father to recover the custody of two minor children from their mother and the maternal grandfather and a motion to quash the writ for the reason that defendants and the children are within the County of Lackawanna.

It is conceded that both parents resided at Kingston, in this county, and on or about March 25, 1930, the mother left the home, taking the children to her father's home in Scranton.

The Act of February 18, 1875, 2 Sm. Laws, 275, entitled "An act for the better securing personal liberty, and preventing wrongful imprisonments," provides: "That if any person shall be or stand committed or detained for any criminal or supposed criminal matter . . . it shall and may be lawful to and for the person so committed or detained, or any one on his or her behalf, to appeal or complain to any Judge of the Supreme Court, or to the President of the Court of Common Pleas for the county, within which the person is so committed or detained; and such Judge or Justice . . . [may] award and grant an *Habeas Corpus* . . . directed to the person or persons, in whose custody the prisoner is detained," and section thirteen provides that all the provisions for the awarding and granting writs of habeas corpus, and proceeding thereon, in case of commitment or detainer for any criminal or supposed criminal matter, shall, in like manner, extend to all cases where any person not being committed or detained for any criminal or supposed criminal matter shall be confined or restrained of his or her liberty under any colour or pretence whatsoever.

As a general rule, a court of a state or territory has no authority to issue a writ of habeas corpus directed to a person outside of its territorial jurisdiction, and state courts have no jurisdiction to issue the writ to persons outside of their district: 12 Ruling Case Law, 36.

Jurisdiction to issue the writ is generally dependent upon the territorial jurisdiction of the court or judge, and in the case of the lower courts and judges in certain instances within the district or circuit: 21 Cyc., 309, 310 [29 Corpus Juris, § 119, page 122].

In Com. *v*. Quinn, 14 Del. Co. 76, upon a writ of habeas corpus by a father, residing in the City of Chester, for the custody of his son, in the custody of his mother in Conshohocken, Penna., the application being made in the County of Delaware, upon a motion to quash the writ, the court held that under the Act of February 18, 1785, *supra*, jurisdiction of the court is limited to the county within which the person is committed or detained.

Upon the above authorities we reluctantly quash this writ and at the same time deem it an injustice to permit one parent to take minor children from the home, without the consent of the other parent, and carry with them the jurisdiction of the court, compelling the home parent to seek relief in the county where the other may temporarily reside, but we do not make the laws; we simply interpret them, and accordingly quash the writ for want of jurisdiction.

From Frank P. Slattery, Wilkes-Barre, Pa.